KELLY, Judge.
The State appeals the trial court’s suppression of post-Miranda[1] statements made by Jari Goodwin during an interview conducted by law enforcement at the sheriffs office. After a review of the record, we conclude that Goodwin’s statements were voluntary and therefore reverse.
Goodwin and two codefendants were charged with conspiracy to commit armed robbery and attempted armed robbery. After his arrest and transport to the sheriffs substation, Goodwin made incriminating statements to a detective during what the detective described as a “casual conversation” that occurred as he passed Goodwin in a hallway. Goodwin had not been advised of his Miranda rights at this point.
Goodwin was then moved to an interview room and questioned by a second detective. This detective was unaware of the statements Goodwin had made in the hallway. After introducing himself, the detective informed Goodwin of his Miranda rights. He then recorded a statement from Goodwin, in which Goodwin answered all of his questions. The detective testified that Goodwin was cooperative and never sought to invoke any of his rights.
Goodwin moved to ■ suppress both his p;re-Miranda and post-Miranda statements. In granting Goodwin’s motion, the trial court found that Goodwin’s pre-Mi-randa statements tainted his post-Miranda statements and that the intervening Miranda warning could not eliminate that taint. We disagree.
In Oregon v. Elstad, 470 U.S. 298, 318, 105 S.Ct. 1285, 84 L.Ed.2d 222 (1985), the Supreme Court held that “a suspect who has once responded to unwarned yet un-coercive questioning is not thereby disabled from waiving his rights and confessing after he has been given the requisite Miranda warnings.” See also State v. Polanco, 658 So.2d 1123 (Fla. 3d DCA 1995) (holding that an unwarned, voluntary statement does not trigger the “fruit of the poisonous tree” doctrine. If the defendant is subsequently given proper Miranda warnings and knowingly and voluntarily makes a warned statement, then the warned statement is admissible). Goodwin’s unwarned statements were not the result of any coercive measures, and Goodwin does not suggest that he did not receive proper Miranda warnings before making additional incriminating statements. Accordingly, the trial court erred in suppressing Goodwin’s post-Miranda statements.
Reversed.
BLUE, C.J., and CASANUEVA, J., Concur.

. Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).